FILED

DEC 8 2009

1  THOMAS N. STEWART, III - #88128
   ATTORNEY AT LAW
2  369 BLUE OAK LANE, 2ⁿᵈ FLOOR
   CLAYTON, CA 94517
3  TELEPHONE (925) 672-8452
   TELEFAX (925) 673-1729
4  Attorneys for Michael Fernandes          E-filing

5

6  ORIGINAL

                    UNITED STATES DISTRICT COURT

7                 NORTHERN DISTRICT OF CALIFORNIA          EDL

8

9  MICHAEL FERNANDES,              CV   Case No. CV 09-    5756

10                                 Civil Rights
   Plaintiff,

                                   COMPLAINT FOR PRELIMINARY AND
11  v.                             PERMANENT INJUNCTIVE RELIEF AND
                                   DAMAGES: DENIAL OF CIVIL RIGHTS AND
12  AMERI MANAGEMENT               PUBLIC FACILITIES TO PHYSICALLY
    COMPANY, INCORPORATED,         DISABLED PERSONS (CIVIL CODE §§ 54,
13                                 54.1 AND 55; INJUNCTIVE RELIEF PER
                                   TITLE III, AMERICANS WITH DISABILITIES
14                                 ACT OF 1990
    Defendants.
15                                 /

16     Plaintiff, Michael Fernandes, alleges:

17          FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
        FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
18        PUBLIC FACILITIES AT A SERVICE STATION (Civil Code §§ 51, 54.1)

19  1.     Plaintiff suffers from "Ataxia", does not have the substantial use of his legs and is a

20  "person with a disability" and "physically handicapped person". Plaintiff requires the use of a

21  wheelchair for locomotion and is either unable to use portions of public facilities which are not

22  accessible to disabled persons who require the use of a wheelchair or is only able to use such

23
    Complaint                         1

1 | portions with undue difficulty. When barriers are removed, Plaintiff is able to swing himself

2 | from his wheelchair onto a toilet.

3 | 2. The "GASCO" service station, located at 4323 Clayton Road, Concord, California (the

4 | Service Station) is a Service Station which is open to the public. Defendant owns the real

5 | property where the Service Station is located.

6 | 3. Summary of facts: This case involves the denial of access to Plaintiff and others similarly

7 | situated at the Service Station on July 29, August 28, and November 3, 2009 (the Dates).

8 | Plaintiff was denied equal protection of the law and was denied Civil Rights under both

9 | California law and federal law, as below described because the parking lot, store and men's

10 | restroom are inaccessible, all of which made the Service Station not properly accessible to

11 | Plaintiff and to others similarly situated. Plaintiff seeks injunctive relief to require Defendants to

12 | correct those barriers, to comply with ADAAG and the CBC where required, to remove all

13 | barriers to access in the Service Station which are readily achievable, to make all reasonable

14 | accommodations in policy in order to enable Plaintiff and others similarly situated to use the

15 | Service Station and at minimum, to use readily achievable alternative methods to enable Plaintiff

16 | to use the goods and services which the Service Station makes available to the non-disabled

17 | public. Plaintiff also seeks the recovery of damages for his personal damages involved in the

18 | discriminatory experiences on the Dates, and seeks recovery of reasonable attorney's fees and

19 | litigation expenses and costs according to statute.

20 | 4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for

21 | violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to

22 | supplemental jurisdiction, attendant and related causes of action arising from the same facts are

23 |

Complaint 2

1     also brought under California law, including but not limited to violations of California Civil Code

2     §§ 51, 54, 54.1 and 55.

3     5. Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact

4     that the location where Plaintiff experienced his discrimination is located in this district and that

5     Plaintiff's causes of action arose in this district.

6     6. Intradistrict: This case should be assigned to the San Francisco intradistrict because the

7     incident occurred in, and Plaintiff's rights arose in, the San Francisco intradistrict.

8     7. The Service Station is a "public accommodation or facility" subject to the requirements of

9     California Civil Code § 51, 54, 54.1 and 55.

10     8. Placeholder.

11     9. Defendants are and were the owners, operators, managers, lessors and lessees of the subject

12     Service Station at all times relevant herein. Plaintiff is informed and believes that each of the

13     Defendants is and was the agent, employee or representative of each of the other Defendants, and

14     performed all acts and omissions stated herein within the scope of such agency or employment or

15     representative capacity and is responsible in some manner for the acts and omissions of the other

16     Defendants in proximately causing the damages complained of herein.

17     10. Plaintiff and others similarly situated are disabled persons who require the use of a

18     wheelchair and are unable to use public facilities on a "full and equal" basis unless each such

19     facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and

20     the regulations thereof. Under Civil Code §§ 51 and 54.1, Defendants were required to comply

21     with the requirements of the Americans with Disabilities Act of 1990 and the federal regulations

22     adopted pursuant thereto. The acts and omissions of which Plaintiff complains took place at the

23

Complaint                 3

1 | Service Station.

2 | 11. Civil Code §§ 51 and 54, et seq., were enacted to prohibit discrimination against people with

3 | disabilities and to encourage the full and free use by people with disabilities of public facilities

4 | and other public places. CC §§ 51 and 54(c) state that a violation of the Americans with

5 | Disabilities Act of 1990 is a "violation of this section"; CC § 54.1(a) states that individuals with

6 | disabilities are entitled to "full and equal access" to public accommodations and that such access

7 | means that which meets the standards of Titles II and III of the Americans with Disabilities Act of

8 | 1990 and federal regulations adopted pursuant thereto; CC § 52 states that minimum damages for

9 | discrimination are $4,000 for each incidence of discrimination; CC § 54.3 states that minimum

10 | damages for discrimination are $1,000; CC § 54.3 states that a defendant who denies or interferes

11 | with a disabled person's rights of access is liable for actual damages and attorneys' fees.

12 | 12. Health & Safety Code § 19955 was enacted "To ensure that public accommodations or

13 | facilities constructed in this state with private funds adhere to provisions of Chapter 7

14 | (commencing with § 4450) of Division 5 of Title 1 of the Government Code." Such public

15 | accommodations include those which are the subject of this action. On information and belief,

16 | Title 24 California Code of Regulations, formerly known as the California Administrative Code,

17 | was in effect at the time of construction and of each alteration of work, all of which occurred after

18 | July 1, 1982, thus requiring access complying with the specifications of title 24 for all such

19 | construction and for each such "alteration, structural repair or addition".

20 | 13. The Service Station's parking lot does not have any accessible parking spaces. Both the

21 | Service Station's market and restrooms require climbing a step for access.

22 | On each of the dates, Plaintiff went to the Service Station to get a drink, encountered the

23 | Complaint 4

1  lack of accessible parking (but parked anyway), was unable to get into the market portion of

2  the Service Station, and had his attendant purchase a drink for him.  Thus, on each of the Dates,

3  Plaintiff experienced difficulty, discomfort or embarrassment because of the barriers.  This

4  entitles Plaintiff to statutory damages in an amount according to proof.

5  14.  Defendant's failure to remove the barriers as aforesaid, remove all readily achievable

6  barriers, institute policies in furtherance of accessibility or at least have an alternate policy to

7  enable Plaintiff to use the goods and services offered to the non-disabled public without having to

8  suffer the indignities, as aforesaid, was a violation of the California Building Code, the

9  Americans with Disabilities Act and federal regulations adopted pursuant thereto, and as a

10  consequence, was a violation of Civil Code §§ 51 and 54, et seq.

11  15.  Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by

12  Defendant at the Service Station as stated above which appear to be continuing, and which have

13  the effect of discriminating against Plaintiff based on his disability.  Plaintiff will continue to

14  patronize the Service Station, or will refrain from doing so until the Service Station is fixed.

15  Such acts and omissions are the cause of humiliation and inconvenience of Plaintiff in that these

16  actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate

17  against Plaintiff on the sole basis that Plaintiff is a person with a disability and requires the use of

18  a wheelchair for movement in public places.  Plaintiff is unable so long as such acts and

19  omissions of Defendant continue, to achieve equal access to and use of this public facility.  The

20  acts of Defendant have proximately caused and will continue to cause irreparable injury to

21  Plaintiff if not enjoined by this Court.

22  16.  Damages: As a result of the denial of equal access to the Service Station and due to the acts

23

Complaint                                      5

3thamil

1    and omissions of Defendants and each of them in owning, operating and/or leasing the Service

2    Station, Plaintiff suffered a violation of Civil Rights including but not limited to rights under

3    Civil Code §§ 51, 54 and 54.1, and suffered mental and emotional distress, all to Plaintiff's

4    damages. Defendant's actions and omissions to act constituted discrimination against Plaintiff on

5    the sole basis that Plaintiff was physically disabled and unable to use the facilities on a full and

6    equal basis as other persons. Plaintiff seeks the minimum damages of $4,000 pursuant to CC §

7    52, and $1,000 pursuant to CC § 54.3, for each of the dates on which Plaintiff was subjected to

8    barriers at the Service Station. Plaintiff also seeks trebling of all of the actual damages as

9    provided by Civil Code § 54.3.

10    17. Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiff has been

11    required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order to

12    enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled

13    persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks

14    recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code §§

15    52 and 54.3. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for

16    damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all

17    disabled members of the public, justifying "public interest" attorney's fees, litigation expenses

18    and costs pursuant to Code of Civil Procedure § 1021.5.

19    18. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing

20    refusal by Defendants to comply with the requirements of the California Building Code, the

21    Americans with Disabilities Act of 1990 and regulations adopted pursuant thereto with respect to

22    access of disabled persons to the Service Station; for statutory damages pursuant to CC § 52; for

23    Complaint      6

1     actual and treble damages pursuant to CC § 54.3 and for attorneys' fees and costs pursuant to CC

2     §§ 52, 54.3 and 1021.5.

3                           SECOND CLAIM FOR RELIEF:
             VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

4                           42 USC §§ 12101 FF

5     19. Plaintiff realleges the allegations of paragraphs 1-18 hereof.

6     20. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101

7     regarding physically disabled persons, finding that laws were needed to more fully protect "some

8     43 million Americans [with] one or more physical or mental disabilities"; that "historically

9     society has tended to isolate and segregate individuals with disabilities"; and that "such forms of

10     discrimination against individuals with disabilities continue to be a serious and pervasive social

11     problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure

12     equality of opportunity, full participation, independent living and economic self sufficiency for

13     such individuals"; and that "the continuing existence of unfair and unnecessary discrimination

14     and prejudice denies people with disabilities the opportunity to compete on an equal basis and to

15     pursue those opportunities for which our free society is justifiably famous ..."

16     21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC

17     §12101(b)):

18             It is the purpose of this act
            (1) to provide a clear and comprehensive national mandate for the elimination of

19             discrimination against individuals with disabilities;

20             (2) to provide clear, strong, consistent, *enforceable standards* addressing discrimination
            against individuals with disabilities;

21

            (3) to ensure that the Federal government plays a central role in enforcing the standards

22             established in this act on behalf of individuals with disabilities; and

23

    Complaint                     7

1    (4) to invoke the sweep of Congressional authority, including the power to enforce the
     14th Amendment and to regulate commerce, in order to address the major areas of
2    *discrimination faced day to day* by people with disabilities (emphasis added).

3    22. As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the "ADA"),

4    Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

5    (42 USC 12181 ff). Among "private entities" which are considered "public accommodations" for

6    purposes of this Title is a Service Station (Regulation 36.104).

7    23. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis

8    of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

9    advantages or accommodations of any place of public accommodation by any person who owns,

10   leases or leases to, or operates a place of public accommodation."

11   24. Among the specific prohibitions against discrimination were included: *§12182(b)(2)(A)(ii)*:

12   "A failure to make reasonable modifications in policies, practices or procedures when such

13   modifications are necessary to afford such goods, services, facilities, privileges, advantages or

14   accommodations to individuals with disabilities ..."; *§12182(b)(A)(iii)*: "a failure to take such

15   steps as may be necessary to ensure that no individual with a disability is excluded, denied

16   service, segregated, or otherwise treated differently than other individuals because of the absence

17   of auxiliary aids and services ..."; *§12182(b)(A)(iv)*: "A failure to remove architectural barriers

18   and communication barriers that are structural in nature, in existing facilities ... where such

19   removal is readily achievable"; *§12182(b)(A)(v)*: "Where an entity can demonstrate that the

20   removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods,

21   services, facilities, privileges, advantages, or accommodations available through alternative

22   methods if such methods are readily achievable". The acts and omissions of Defendants set forth

23
     Complaint                                        8

1  herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the

2  regulations promulgated thereunder, 28 CFR Part 36ff.

3  25. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were

4  at all times herein mentioned "readily achievable" under the standards of the Americans With

5  Disabilities Act. Because the Service Station was not accessible, Defendants had an obligation to

6  have some sort of plan which would have allowed Plaintiff to enjoy the Service Station's services

7  without having to suffer the indignities as aforesaid.

8  26. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled

9  to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC

10  2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation

11  of this Title or has reasonable grounds for believing that he is about to be subjected to

12  discrimination in violation of §12182. On information and belief, Defendants have continued to

13  violate the law and deny the rights of Plaintiff and of other disabled persons to access this public

14  accommodation since on or before the Dates. Pursuant to §12188(a)(2), "In cases of violations

15  of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities to make such

16  facilities readily accessible to and usable by individuals with disabilities to the extent required by

17  this title."

18  27. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of

19  1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the

20  Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 12188(a)

21  of the ADA who is being subjected to discrimination on the basis of disability in violation of Title

22  III and who has reasonable grounds for believing he will be subjected to such discrimination each

23

Complaint                                    9

1   time that he may attempt to patronize the Service Station.

2   Wherefore Plaintiff prays for relief as hereinafter stated:

3   ### PRAYER

4   1. Issue a preliminary and permanent injunction directing Defendants to modify its

5   facilities as required by law to comply with the ADAAG and the CBC where required, remove all

6   barriers where it is readily achievable to do so, institute policies in furtherance of accessibility or

7   at least have an alternate policy to enable Plaintiff to use the goods and services offered to the

8   non-disabled public so that it provides adequate access to all citizens, including persons with

9   disabilities; and issue a preliminary and permanent injunction directing Defendants to maintain its

10  facilities usable by plaintiff and similarly situated persons with disabilities in compliance with

11  federal regulations, and which provide full and equal access, as required by law;

12  2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that

13  Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

14  public facilities as complained of herein no longer occur, and will not recur;

15  3. Award to Plaintiff all appropriate statutory damages;

16  4. Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs of

17  this proceeding as provided by law; and

18  5. Grant such other and further relief as this Court may deem just and proper.

19  Date: December 7, 2009

20

21

22  __S/Thomas N. Stewart, III_____
    Attorney for Plaintiff

23  Complaint                    10